UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

CIVIL ACTION NO. 4:15CV-00023-JHM

JAMES CHRISTIE                                                    PLAINTIFF

V.

IMI SOUTH, LLC                                                   DEFENDANTS

MEMORANDUM OPINION AND ORDER

This matter is before the Court on a motion by Plaintiff, James Christie, to remand this action to state court pursuant to 28 U.S.C. § 1445(c) and to award Plaintiff costs and attorney's fees. [DN 8].  Fully briefed, this matter is ripe for decision.

## I.  BACKGROUND

Plaintiff, James Christie, filed this action in the Daviess Circuit Court on January 16, 2015, against Defendant, IMI South, LLC, asserting a claim of retaliation in violation of KRS § 342.197.  Plaintiff alleges that Defendant terminated him after he made Defendant aware that he intended to file for benefits under Kentucky's Workers' Compensation Act.  On February 9, 2015, Defendant removed this action to this Court based on diversity jurisdiction.  In their notice of removal, Defendant alleges that there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000, not including costs or interest.  On February 26, 2015, Plaintiff moved to remand the action to the Daviess Circuit Court arguing that his claim of retaliation under KRS Chapter 342 is considered a nonremovable action pursuant to 28 U.S.C. § 1445(c) and must be remanded to the state court.

## II.  STANDARD OF REVIEW

As a general matter, a civil case brought in a state court may be removed by a defendant

to federal court if it could have been brought there originally. 28 U.S.C. § 1441(a).  In order for a defendant to remove a case to federal court based upon diversity jurisdiction, there must be complete diversity of citizenship both at the time the case is commenced and at the time that the notice of removal is filed. See Jerome–Duncan, Inc. v. Auto–By–Tel, L.L.C., 176 F.3d 904, 907 (6th Cir. 1999); 28 U.S.C. § 1332(a).

However, "[w]hen a case is removed to federal court, it is subject to remand under 28 U.S.C. § 1447(c) for either jurisdictional or procedural defects in the removal." Hackworth v. Guyan Heavy Equipment, Inc., 613 F. Supp. 2d 908, 912 (E.D. Ky. 2009).  A jurisdictional defect is "one that deprives a federal court of subject matter jurisdiction, which is the only source of 'authority to hear a given type of case.'" Id. (quoting United States v. Morton, 467 U.S. 822, 828 (1984)). "Unlike jurisdictional defects, however, procedural defects do not affect the court's underlying authority. Rather, procedural defects go solely to the process by which a case is removed." Hackworth, 613 F. Supp. 2d at 912 (citing Corporate Mgmt. Advisors, Inc. v. Artjen Complexus, Inc., 561 F.3d 1294, 1297 (11th Cir. 2009)).

### III. DISCUSSION

Plaintiff argues that his claim for retaliation arises under Kentucky Workers' Compensation statutes and is nonremovable pursuant to 28 U.S.C. § 1445(c).  "A civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States." 28 U.S.C. § 1445(c).  The removal of such cases to district court has been deemed a "procedural defect" rather than a jurisdictional one. Russell v. Mckechnie Vehicle Components USA, Inc., 2011 WL 3847501, *1 n.1 (E.D. Ky. Aug. 26, 2011)(citing Hackworth, 613 F. Supp. 2d at 912). When a removal defect is characterized as procedural, remand is proper upon motion from the non-removing party if made within thirty

days after removal. Hackworth, 613 F. Supp. 2d at 913.  While Plaintiff concedes that § 1445(c) does not deprive the Court of subject matter jurisdiction over this workers' compensation retaliation case, Plaintiff contends that the statute renders the removal of such a case to federal district court procedurally improper and moves to remand this matter to the Daviess Circuit Court.  Accordingly, at issue is whether a retaliation claim brought pursuant to KRS § 342.197 arises under Kentucky's workers' compensation law.

"A civil action arises under a state workmen's compensation law when either (1) the workmen's compensation law created the cause of action or (2) the plaintiff's right to relief necessarily depends on resolution of a substantial question of workmen's compensation law." Sheckles v. Ralcorp Frozen Bakery Products, Inc., 2011 WL 873507, *1 (W.D. Ky. March 11, 2011)(citing Harper v. AutoAlliance Int'l, Inc., 392 F.3d 195, 203 (6th Cir. 2004)).

District Courts previously addressing this issue agree that under Kentucky law, "a claim of workers' compensation retaliation must necessarily be considered a civil action 'arising under the workmens' compensation laws' of the state since the Kentucky workers' compensation statute creates the cause of action for workers' compensation retaliation claims."  Hackworth, 613 F. Supp. 2d at 911-912)(citing Harper, 392 F.3d at 203 (holding that a civil action arises under a state workmens' compensation law when the workmens' compensation law created the cause of action)); see also KRS § 342.197(3) (providing a cause of action for workers' compensation retaliation); McCormack v. RR Donnelley & Sons Co., 436 F. Supp. 2d 857, 859 (E.D. Ky. 2006)("[L]ater decisions of Kentucky courts have emphasized that the scope of the right is . . . strictly a matter of statutory construction, not suitable for judicial expansion or reinterpretation.").

Furthermore, KRS § 342.197 arises under Kentucky's workers' compensation law

because it creates a remedy. "KRS § 342.197(3) specifically creates a remedy for discharged employees seeking benefits. . . . This limits the remedy to that specifically provided for under the statute." <u>Sheckles</u>, 2011 WL 873507, *2 (citing <u>Grzyb v. Evans</u>, 700 S.W.2d 399, 401 (Ky. 1985) ("Where the statute both declares the unlawful act and specifies the civil remedy available to the aggrieved party, the aggrieved party is limited to the remedy provided by the statute.")). Accordingly, the Court finds that Plaintiff's retaliation cause of action arises under the workers' compensation laws of Kentucky, and the Court will grant the motion to remand.

Plaintiff also moves for attorney's fees under 28 U.S.C. § 1447(c) which provides that a district court that remands a case may require payment of "just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Whether to award costs, fees, and expenses is within the discretion of the trial court. <u>Norton Hospitals, Inc. v. Sagamore Health Network, Inc.</u>, 2011 WL 1885636, *3 (W.D. Ky. May 18, 2011) (citing <u>Morris v. Bridgestone/Firestone, Inc.</u>, 985 F.2d 238, 240 (6th Cir.1993)). "'Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal.'" <u>Id</u>. (quoting <u>Martin v. Franklin Capital Corp.</u>, 546 U.S. 132, 141 (2005)). In the present case, the Court finds that although removal was ultimately improper, the Court is not satisfied that the Defendant lacked an objectively reasonable basis for removal given Defendant's arguments. Accordingly, the Court will not award costs, fees, and expenses to Plaintiff.

### IV. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that the motion by Plaintiff, James Christie, to remand this action to state court pursuant to 28 U.S.C. § 1445(c)

[DN 8] is **GRANTED**.  **IT IS FURTHER ORDERED** that the motion by Plaintiff for costs and attorney's fees [DN 8] is **DENIED**.  This case is **REMANDED** to the Daviess Circuit Court.

cc: counsel of record
   Daviess Circuit Court

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

April 27, 2015